1 | BRIAN J. STRETCH (CSBN 163973)
Acting United States Attorney
2
KYLE F. WALDINGER (ILSB 6238304)
3 | Assistant United States Attorney

4 | 450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
5 | Telephone: (415) 436-6830
Facsimile: (415) 436-7234
6
Attorneys for Plaintiff
7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-0237 MHP |
| Plaintiff, | ) ) ) | STIPULATED INTERIM PROTECTIVE ORDER |
| v. | ) ) | |
| DAVID NOSAL and BECKY CHRISTIAN, | ) ) ) | |
| Defendants. | ) ) | |

WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce in discovery documents and items containing information that it considers to be confidential and proprietary information or "trade secret" information (within the meaning of 18 U.S.C. § 1839(3)) belonging to Korn/Ferry International, David Nosal, Nosal Partners, or other entities; and

WHEREAS the United States and the defendants David Nosal and Becky Christian deem it appropriate to provide for the protection of such information, with the understanding that nothing in this Stipulated Interim Protective Order constitutes any agreement or creates any presumption regarding whether the specific information is, in fact, confidential or proprietary information or a trade secret; with the understanding that nothing in the Stipulated Interim Protective Order shall be deemed to serve as a basis or precedent regarding the appropriateness of a protective order with respect to materials that may be subpoenaed from third parties in the

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

1  future by the defendants David Nosal and Becky Christian; and preserving the defendants David
2  Nosal's and Becky Christian's rights to challenge any such designation at a later time; and
3      WHEREAS the United States and the defendants David Nosal and Becky Christian wish
4  to be able to begin the process of the defendants David Nosal and Becky Christian and their
5  respective counsel becoming familiar with the specific information, the United States and the
6  defendants David Nosal and Becky Christian have agreed to the issuance of a protective order,
7  with the understanding that this Stipulated Interim Protective Order may be subsequently
8  modified in such a way as the United States and the defendants David Nosal and Becky Christian
9  may agree, or in the absence of such agreement, as the Court may order, accordingly,
10     IT IS HEREBY STIPULATED AND AGREED by and between the United States and the
11 defendants David Nosal and Becky Christian, and their respective counsel, that the following
12 definitions and procedures will govern the designation and handling of documents, materials, and
13 other items produced by the United States to the defendants David Nosal and Becky Christian,
14 while reserving for a future time the question of how such materials and information shall be
15 handled at trial, and during pre- or post-trial hearings.
16     1.    Definitions:
17     a.    "Confidential Material" shall mean information that the United States contends is
18 intended to be kept secret, is confidential or proprietary information, or is a trade secret within
19 the meaning of 18 U.S.C. § 1839(3), with the "understanding" set forth in the second paragraph
20 above.
21     b.    "Discovery Material" shall mean all materials produced or disclosed by the United
22 States during discovery in this case.
23     c.    The "Parties" shall refer to the United States and the defendants David Nosal and
24 Becky Christian.
25     2.    The United States may designate Discovery Material as Confidential Material to
26 the extent that the United States believes in good faith that the information or material is or may
27 be Confidential Material as defined in ¶ 1(a) above. Whenever possible, the United States shall
28 indicate whether particular items of Discovery Material are being designated as Confidential

1  Material at the time that the Discovery Material is produced.  Because much of the documentary
2  evidence has already been stamped "Confidential" by third parties or by the United States for
3  other purposes, and because the United States may not agree that such materials are Confidential
4  Material, the United States will identify in writing the Bates number ranges of documentary
5  evidence that it contends are Confidential Material.  Computer memory storage materials such as
6  diskettes, hard drives, or other memory media containing Discovery Material deemed by the
7  United States as containing Confidential Material shall be labeled on the outside of the media as
8  "CONFIDENTIAL."  The United States shall maintain unlabeled, or "clean," copies of any
9  Discovery Material that it has labeled "CONFIDENTIAL" under this Stipulated Interim
10 Protective Order for the future use by the parties in subsequent proceedings.
11         3.      In addition to the defendants and their respective counsel, Confidential Material
12 produced by the United States may be disclosed only to members and employees of each defense
13 counsel's law office (including attorneys, interpreters, paralegals, and secretarial, stenographic,
14 and clerical employees, as well as any investigators retained by the defense) who are working on
15 this case under the direction of that defendant's counsel.  This prohibition does not extend to the
16 defense's showing of Confidential Material to witnesses, provided that those witnesses do not
17 retain the Confidential Material.  In the event that the defendants or their respective counsel wish
18 to consult or retain an expert regarding these materials, the procedure for doing so is addressed in
19 paragraph 10 of this Stipulated Interim Protective Order.  All such material shall be used solely
20 for the purpose of conducting pre-trial, trial and appellate proceedings in this case and for no
21 other purposes whatsoever, and shall not be used for the economic benefit of the defendants
22 David Nosal and/or Becky Christian or for the benefit of any third party.  Any motions that
23 contain exhibits or attachments containing any of the material designated as Confidential
24 Material need not be filed under seal, except that the exhibits or attachments shall be filed under
25 seal.  The standard procedures for filing a document under seal shall apply.
26         4.      Before any Confidential Material produced by the United States may be made
27 available to anyone OTHER THAN an individual described in ¶ 3, counsel for the defendants
28 David Nosal and Becky Christian must provide written notice ("Notice of Intent to Disclose") at

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

1  least seven business days in advance to the United States. Once an objection is made, the party
2  seeking disclosure shall have five business days to respond. If no agreement is reached by the
3  United States and the defendants David Nosal and/or Becky Christian within five additional
4  business days, the United States may apply to the Court for appropriate relief, with copies of such
5  motion being served on counsel for the respective defendant. Any such application or supporting
6  document shall be filed under seal. The United States may include as an attachment to such a
7  motion an explanation by Korn/Ferry International (or other appropriate entity) articulating any
8  concerns that that entity may have with the disclosure of confidential and proprietary information
9  or "trade secret" information. Once an objection has been made, no Confidential Material may
10 be disclosed to the individual unless and until the objection has been resolved or ruled upon by
11 the Court.

12      5.      The recipient of any Confidential Material that is provided under this Stipulated
13 Interim Protective Order shall keep such information in a manner reasonably intended to preserve
14 and maintain the confidentiality of the information and shall not disclose such information to any
15 individuals except as authorized by this Stipulated Interim Protective Order.

16      7.      At the conclusion of the above-captioned case (including any post-trial
17 proceedings such as an appeal or a habeas petition), the defendants David Nosal and Becky
18 Christian and their counsel agree to either destroy or return all Confidential Material to the
19 United States, except as otherwise directed by the Court.

20      8.      Nothing herein shall prevent the defendants David Nosal and Becky Christian
21 from using the Confidential Material or from referring to it or reciting from any information
22 contained in such Confidential Material in connection with pleadings or motions filed in this
23 case, provided that such materials shall be filed under seal and/or submitted to the Court for in
24 camera inspection. The use of Confidential Material at trial or pre- or post-trial hearings will be
25 resolved at or before the time of the trial or hearing.

26      9.      Should the defendants David Nosal and/or Becky Christian dispute the propriety
27 of any designation of Discovery Material as Confidential Material, the defendant or defendants
28 shall serve notice in writing on the United States. Within seven business days of receiving the

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

1  notice, the United States shall respond to the notice in writing. If, after seven days from the date
2  the response is served, the United States and the defendant or defendants are unable to resolve
3  their dispute, either the United States or the respective defendant may apply to the Court to do so.
4  Any such dispute or pendency of such motion shall not be grounds for a refusal to produce
5  Discovery Material. During the pendency of the dispute and any court resolution thereof,
6  including an appeal of the Court's decision on such motion, the Discovery Material should be
7  treated as Confidential Material and shall be covered by the provisions of this Stipulated Interim
8  Protective Order. The parties understand that, as this Stipulated Interim Protective Order is
9  primarily intended to facilitate pretrial discovery, the defendants and their counsel may choose
10 not to formally challenge the United States' designation of certain material as confidential at this
11 stage of the proceedings. Such a failure to challenge the confidential designation does not
12 constitute a waiver on the defendants' part of either the ability to challenge that confidential
13 designation or the ability to contest that certain portions of designated confidential material
14 constitute "trade secret" information under 18 U.S.C. § 1839(3).
15        10.    At such time that the respective defense teams retain an expert or experts to assist
16 in reviewing the Confidential Material and preparing for trial, any such expert shall execute an
17 Acknowledgment, which shall be submitted to the Court <u>ex parte</u> and <u>in camera</u>. The United
18 States will not be provided with a copy of the Acknowledgment(s) signed by the expert(s), and
19 the identity of the expert(s) shall not be disclosed except to the extent that such disclosure is
20 required by the Federal Rules of Criminal Procedure. The United States retains the right to
21 request that the Court authorize such disclosure. Nothing in this paragraph relieves the
22 defendants of the discovery obligations contained in Federal Rule of Criminal Procedure
23 16(b)(1)(C), nor does the United States waive any rights thereunder by entering into this
24 stipulation.
25       11.    Korn/Ferry International is not a party to the above-captioned case. Where this
26 Stipulated Interim Protective Order requires the service of notice on an opposing party, this
27 requirement does not include the service of notice on Korn/Ferry or any other third party.
28       12.    By signing and agreeing to this Stipulated Interim Protective Order, no party shall

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

1  be deemed to have conceded that any material has been properly designated as Confidential
2  Material or that such material constitutes confidential and proprietary information or a trade
3  secret within the meaning of 18 U.S.C. § 1839(3). Moreover, failure of a party to designate
4  Discovery Material as Confidential Material at the time of production shall not be deemed a
5  waiver of the party's ability to argue at a later time that the Discovery Material in fact is
6  confidential and proprietary or a trade secret.
7         13.    Nothing in this Stipulated Interim Protective Order shall preclude either party
8  from applying to the Court for further relief or modification. The parties' agreement to enter into
9  this Stipulated Interim Protective Order at this time is for the purpose of pretrial discovery and is
10 not a concession by the defendants David Nosal and Becky Christian that the terms contained
11 herein would be appropriate should the case proceed beyond that stage.
12        14.    Nothing in this Stipulated Interim Protective Order shall prevent disclosure
13 beyond the terms of this Stipulated Interim Protective Order if all parties consent in writing to
14 such disclosure, or if such disclosure is ordered by the Court.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

15. Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any sanctions or combinations of sanctions which are legally available.

IT IS SO STIPULATED.

DATED: May 19, 2008

BRIAN J. STRETCH
Acting United States Attorney

KYLE F. WALDINGER
Assistant United States Attorney

IT IS SO STIPULATED.

DATED: 5-19-8

STEVEN M. BAUER
DANIELLE A. LACKEY
Attorneys for the defendant Becky Christian

IT IS SO STIPULATED.

DATED: 5-19-8

BECKY CHRISTIAN
Defendant

IT IS SO STIPULATED.

DATED: May 19, 2008

STEVEN F. GRUEL
Attorney for the defendant David Nosal

IT IS SO STIPULATED.

DATED: May 19, 2008

DAVID NOSAL
Defendant

IT IS SO ORDERED.

DATED: May 20, 2008

THE HONORABLE MARILYN HALL PATEL
United States District Judge

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

7

## ACKNOWLEDGMENT OF STIPULATED INTERIM

## PROTECTED ORDER IN:

### UNITED STATES v. DAVID NOSAL AND BECKY CHRISTIAN

### CR 08-0237 MHP

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in United States v. David Nosal and Becky Christian, No. CR 08-0237 MHP, has read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP