1  LATHAM & WATKINS LLP
   Steven M. Bauer (Bar No. 135067)
2     steven.bauer@lw.com
   Danielle Lackey (Bar No. 252062)
3     danielle.lackey@lw.com
   505 Montgomery Street, Suite 2000
4  San Francisco, California 94111-6538
   Telephone: 415.391.0600
5  Facsimile: 415.395.8095

6  Attorneys for Defendant
   BECKY CHRISTIAN
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,         CASE NO. CR 08-0237-MHP

13          Plaintiff,                DECLARATION OF STEVEN M. BAUER

14     v.                             The Honorable Marilyn Hall Patel
                                      Courtroom 14
15  DAVID NOSAL and                   Date: June 16, 2008
    BECKY CHRISTIAN,                  Time: 11:00 a.m.
16
            Defendants.
17

18

19       I, Steven M. Bauer, declare as follows:

20       1.    I am an attorney, licensed to practice law with the courts of the State of

21  California. I am a partner of Latham & Watkins LLP, counsel of record for Defendant Becky

22  Christian in this matter. I have knowledge of the following facts and information and, if called

23  upon to do so, could testify truthfully thereto.

24       2.    Attached hereto is a true and correct copy of a letter I sent to AUSA Kyle

25  Waldinger on May 2, 2008. The letter attaches a three-page email from David Nosal at

26  NosalPartners.com, dated April 24, 2008.

27

28

3. We will seek to file under seal a copy of the FBI-302 interview memoranda of Becky Christian dated December 15, 2006. All parties have a copy of this from discovery.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on May 30, 2008.

                                                      /s/ Steven M. Bauer
                                                      Steven M. Bauer

# LATHAM&WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

May 2, 2008

**BY EMAIL AND FAX**

Kyle F. Waldinger, Esq.
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

Re: United States v. Christian, *et al.*: CR 08-0237-MHP

Dear Mr. Waldinger:

    I am writing to ask the prosecution to stipulate to a severance of the defendants in this case under Federal Rule of Criminal Procedure 8(b). It appears that severance is particularly appropriate in this situation, and we would appreciate your considering a stipulation rather than requiring expensive legal briefing on the topic or delaying the trial in this matter. Let me explain why we believe this:

    According to the Ninth Circuit Court of Appeals, a primary reason for separately trying two defendants is when they have antagonistic defenses. See, e.g., United States v. Mayfield, 189 F.3d 895, 900 (9th Cir. 1999); United States v. Tootick, 952 F.2d 1078, 1081 (9th Cir. 1991). We face precisely that situation here.

    Becky Christian's defense in this case -- and her account of the entire situation -- is completely at odds with any claim of innocence by David Nosal. As you know, she spent hours with the prosecution and its case agent detailing David Nosal's activities and her history with him. The prosecution concluded (and openly stated) that she was truthful and helpful to the government. Her testimony was so damaging to David Nosal that the prosecution offered her a cooperation agreement to testify against him at trial.

    In contrast, David Nosal contends that he is innocent of all charges and moreover, contends that Becky Christian and others committed crimes without his knowledge or encouragement. We are attaching his recent press release to that effect. His defense is entirely antagonistic to Ms. Christian's defense.

May 2, 2008
Page 2

LATHAM&WATKINS LLP

      Based on these facts, and the many details you learned from Ms. Christian's interview session, we request that the government stipulate to a severance so that Ms. Christian and David Nosal are tried separately. Thank you for your prompt consideration of this matter.

                                      Very truly yours,

                                      Steven M. Bauer
                                      of LATHAM & WATKINS LLP

enclosure

```
----- Original Message -----
From: David Nosal <David.Nosal@NosalPartners.com>
Sent: Thu Apr 24 23:38:42 2008
Subject: Thank you for your support
```

Clients and Friends,

I have been overwhelmed by the outpouring of personal and business support from clients for this wonderful company that we are building.

We continue to thrive despite the heavy-handed approach of a major competitor to influence the extraordinary success that we have had with our young company.

I want to state clearly that the current litigation against me in no way involves or impacts Nosal Partners. I can assure you that each and every one of our partners in North America and Brazil--as well as alliance partners in Europe and Asia--are only focused on doing the great work that you have become accustomed to receiving and that this personal distraction to me only will not impact the quality of our service.

For your information, please find below answers to frequently asked questions about the litigation.

I am excited to continue to build the best brand in the industry.

Thank you for your continued support and business.

David Nosal
Chairman and CEO
Nosal Partners LLC


ANSWERS TO FREQUENTLY ASKED QUESTIONS ABOUT THE ACTIVE LITIGATION INVOLVING DAVID NOSAL

What Is the genesis of the litigation against David Nosal?

The active litigation stems from a civil suit brought by David Nosal's former employer Korn/Ferry International in 2005 and which was dismissed a year later. (Please click on this link <http://openaccess1.sanmateocourt.org/openaccess/civil/casereport.asp?ca senumber=448606&casetype=CIV&courtcode=A> to read details of dismissed Case CIV448606 on the San Mateo County Superior Court public records.)

Does the litigation involve Nosal Partners?

The litigation does not involve Nosal Partners. It relates to the actions of individuals who anticipated eventually joining Nosal Partners, but who were running their own search firms.

What are the circumstances surrounding David Nosal's departure from Korn/Ferry?

For nearly a decade, David Nosal served as one of Korn/Ferry's most senior partners, accepting ever-increasing levels of responsibility. He was not only the top global billing partner, but also one of a handful of people serving on the company's Global Operating Committee. At the time of his resignation, David

ran the company's CEO Practice and West Coast Board Practice, as well as its offices in Silicon Valley, San Francisco, Seattle, Denver, Minneapolis and Chicago.

During the last year of his tenure, David raised a number of very significant concerns to Korn/Ferry's executive leadership team around the company's business practices, ethics and go-to-market strategy. The ethical issues that he highlighted included the veracity of information that the company was sharing with the business community, as well as major ethical problems internal to the organization itself.

David repeatedly discussed these ethical issues with both the then-Chief Executive Officer and Chief Legal Counsel, neither of which would take any action. David subsequently resigned from Korn/Ferry.

Why has Korn/Ferry taken this unfair and unfortunate action against its former top performer?

In agreeing to the terms for his departure from the company, the most difficult point to negotiate involved a clause-upon which Korn/Ferry insisted-that prevented David from discussing internal business ethics issues openly with the public markets, because of the negative impact that this information would surely have on the company, its stock, as well as its leadership team. To date, David has taken the high road in not disclosing his former employer's business practices.

Korn/Ferry's extraordinarily aggressive course of action represents an effort to not only undermine a competitor in the marketplace, but also to discredit David should he publicly expose his former employer's very serious ethical issues.

Has the media coverage been accurate?

In August of 2005, Korn/Ferry proactively facilitated and drove the release of information to and through the Wall Street Journal highlighting that a number of former Korn/Ferry employees downloaded 40,000 documents. Korn/Ferry's then-Chief Executive Officer went on public record in the Wall Street Journal suggesting that David was aware of this downloading, even though he knew that:

* David was never personally accused of taking anything;
* David was never personally subpoenaed or searched;
* The suit resulted from the independent actions of four other individuals.

In this new case, it is very clear that the government examined those initial claims and concluded that the individuals who downloaded information acted independently and with no oversight, input or involvement on David's part. It is also clear that Korn/Ferry carefully orchestrated an effort to undermine David's reputation with false information to the media.

Korn/Ferry has gone to great lengths to influence the media. A major industry publication has documented that Korn/Ferry pulled all of its advertising after the editorial team ran a positive story on Nosal Partners.

Relative to this new action, the media coverage has left some with the impression that the litigation in some way involves Nosal Partners. The litigation, however, concerns work requested by clients after David left Korn/Ferry and executed by individuals who established their own firms -

Christian & Associates and Jacobson Search Partners - while waiting to join Nosal Partners after it launched. Specifically, the government claims that the individuals who executed those assignments received information from a Korn/Ferry employee to help complete the work. As with the original Korn/Ferry claim (thrown out in civil court), the government is trying to associate David with the independent actions of others.

David will once again prove in court that whatever communication took place between these partners and Korn/Ferry while they were operating under their own companies' brands had nothing to do with him or with the firm that he later launched, Nosal Partners.

Are there individuals who can substantiate David Nosal's position?

In 2004 and 2005, a large number of Korn/Ferry employees around the globe approached David about joining his firm when it eventually launched. Some of those senior partners are now with Nosal Partners. A number of those senior partners are presently still with Korn/Ferry. All can confirm that David told anyone who had an interest in joining that new firm not to take records from his former employer.

From the four individuals alleged to have downloaded information, the Nosal legal team secured a deposition from one confirming that David did not instruct him at any point to take information and was unaware that he had taken documents. The other three individuals pleaded the 5th Amendment and would not agree to depositions for fear of self-incrimination.

Has the active litigation had an impact on Nosal Partners?

The litigation has had no impact on Nosal Partners. Nosal Partners is aware of the unfortunate practice of certain search firms to attempt to use the litigation to their advantage when pitching to prospective clients for work, but has been overwhelmed by the outpouring of support from clients. The firm continues to expand with new business, as well as new partners.

To prevent your address from receiving e-mail of this kind from Nosal Partners, please unsubscribe
<http://webmail.nosalpartners.com/unsubscribe.asp?usr=32071f96c3180bd7a5567878a4d0d530> .

CONFIDENTIALITY NOTICE: This electronic message, including any attachment(s), is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. If you are not the intended recipient of this message or an agent responsible for delivering it to the intended recipient, please notify the sender immediately by replying to this message and then delete the original message and any copies of it from your computer system. Any use, dissemination, distribution, or reproduction of this message and/or any of its attachments (if any) by unintended recipients is strictly prohibited and may be unlawful.