STEVEN F. GRUEL (CSBN 213148)
Attorney at Law

655 Montgomery Street, Suite 1700
San Francisco, California 94122
Telephone Number (415) 989-1253
Fax Number (415) 576-1442
attystevengruel@sbcglobal.net

Attorney for David Nosal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-08-0237-MHP |
| ) | |
| Plaintiff, ) | DEFENDANT DAVID NOSAL'S |
| ) | MEMORANDUM REGARDING |
| Vs. ) | SEVERANCE |
| ) | |
| DAVID NOSAL, et. al., ) | Honorable Marilyn Hall Patel |
| ) | |
| Defendants. ) | June 16, 2008 @ 11:00 a.m. |
| ) | |
| ) | |
| ) | |

    Defendant David Nosal, by and through his attorney, Steven F. Gruel, hereby submits this Memorandum Regarding Defendant Becky Christian's Motion for Severance.

### I. MEMORADUM

A. <u>Severance is Necessary</u>

    Defendant Becky Christian requests a severance of the defendants in this case. The Nosal defense previously informed the Court that a severance was indeed necessary because of several glaring *Bruton* issues. Thus, while we concur with the relief that Ms. Christian seeks, we completely disagree with and take extreme exception to Ms. Christian's self-serving statements

DEFENDANT DAVID NOSAL'S MEMORANDUM REGARDING SEVERANCE

- 1

attacking Mr. Nosal as advanced in support of her motion.  It is absolutely false that Mr. Nosal manipulated or harassed her to engage in any alleged criminal conduct.  We refuse to be baited into any finger pointing as it relates to the personal relationship that Mr. Nosal and Ms. Christian shared.

However, is it worth noting that on August 2, 2005, the day the FBI searched Ms. Christian's residence, she agreed to speak with law enforcement agents without the benefit of counsel.  At that time, according to the FBI report, she told the agents that "Nosal did not direct [her] to take Korn / Ferry customer information . . . and that "she formulated the idea of taking the data on her own with no coercion or pressure from other partners, including Nosal."  Discovery Bates Number US00371.   This earlier FBI report was not filed by Ms. Christian for the Court's consideration.

Seventeen months later, at a proffer session with her attorneys, Ms. Christian's story significantly changed and she shifted blame to Mr. Nosal.  Since her August 2005 statement, she and her counsel have donned the "second prosecutor's hat," and as admitted in her motion, aligned with both Korn / Ferry International (KFI) and the government,  to skirt around her civil and criminal liability.  Severance of defendants is necessary in this case.

B.  <u>The Timing of the Severance  / Mutual Issues and Facts</u>

At the last calling of the case, during the discussion about severance, the Court noted that it could: (1) sever the defendants into two cases on two different tracks; or (2) keep the defendants joined until severed for separate trials.   Mr. Nosal does not oppose Ms. Christian's request for her quick trial provided this does not, in any fashion, prejudice any pretrial or trial determinations salient to his defense.  As previously outlined in his Status Memorandum, there are numerous pretrial motions, including some discovery issues, which are critical to the Nosal

defense but of no apparent interest to Ms. Christian.

For example, Mr. Nosal maintains that the KFI restriction against his competition violates California law and is an unenforceable illegal contract. [1] Likewise, the Nosal defense maintains that the alleged KFI trade secret, a data base called "Searcher" is not a trade secret notwithstanding KFI's representations. Indeed, as the Court will learn, the facts reveal that KFI suspected in March 2005 that its "trade secret" was compromised and yet did not file civil actions to stop or contact the FBI until July 2005 --- on the eve KFI was to pay over $1,000,000 to Mr. Nosal for his past KFI work. The stealing of a *genuine* trade secret, common sense tells us, would result in its owner immediately stopping the harmful leak of valuable information.

In short, it should be made clear that if there is a streamlined Becky Christian summer trial, any adverse (1) stipulations, (2) concessions or (3) determinations from that separate trial do not bind Mr. Nosal in the defense of the charges in his case.

Dated: June 6, 2008            /s/ _____
                               STEVEN F. GRUEL
                               Attorney for David Nosal

---

[1] The civil arbitration proceeding never had the opportunity to resolve this issue because the government asked the arbitrator to stay the proceedings.