1   BRIAN J. STRETCH (CSBN 163973)
    Acting United States Attorney
2
    KYLE F. WALDINGER (ILSB 6238304)
3   Assistant United States Attorney

4       450 Golden Gate Avenue, 11th Floor
        San Francisco, California 94102
5       Telephone: (415) 436-6830
        Facsimile: (415) 436-7234
6
    Attorneys for Plaintiff
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,          )   No. CR 08-0237 MHP
                                       )
12          Plaintiff,                 )   UNITED STATES' OPPOSITION TO
                                       )   DEFENDANT BECKY CHRISTIAN'S
13      v.                             )   MOTION TO SEVER
                                       )
14  DAVID NOSAL and                    )
    BECKY CHRISTIAN,                   )   Hrg. Date:    June 16, 2008
15                                     )   Time:         10:00 a.m.
            Defendants.                )   Court:        Hon. Marilyn Hall Patel
16  _____)

17

18

19

20

21

22

23

24

25

26

27

28

    USA'S OPP. TO DEF. CHRISTIAN'S
    MTN. TO SEVER [CR 08-0237 MHP]

1

TABLE OF CONTENTS

2

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3

LEGAL STANDARD REGARDING MOTIONS FOR SEVERANCE . . . . . . . . . . . . . . . . . . . 3

4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

6

    I.        THERE HAS BEEN NO SHOWING THAT THE DEFENSES ARE
MUTUALLY ANTAGONISTIC AND IRRECONCILABLE. . . . . . . . . . . . . . . 5

7

    II.     ANY POTENTIAL PREJUDICE CAN BE CURED BY APPROPRIATE JURY
INSTRUCTIONS AND APPROPRIATE MANAGEMENT OF THE TRIAL. . . 8

8

9

    III.    SEPARATE TRIALS WILL NOT RESULT IN GREATER EFFICIENCY. . . . 10

10

    IV.    NOSAL'S MEMORANDUM REGARDING SEVERANCE . . . . . . . . . . . . . . . 11

11

    V.     IN THE ALTERNATIVE, THIS COURT SHOULD DENY CHRISTIAN'S
MOTION WITHOUT PREJUDICE UNTIL SUCH TIME AS THIS COURT
IS IN A BETTER POSITION TO ASCERTAIN THE EXACT PARAMETERS
OF THE EVIDENCE THAT WILL BE ADMITTED AT TRIAL. . . . . . . . . . . 11

12

13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]      -i-

1

TABLE OF AUTHORITIES

2

FEDERAL CASES

3

Bruton v. United States, 391 U.S. 123 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4

United States v. Angwin, 271 F.3d 786 (9th Cir. 2001) (citation omitted),
5   overruled on other grounds, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) . . . . . . . 5, 7

6   United States v. Bastian, 112 F. Supp.2d 378 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 4

7   United States v. Becerra, 992 F.2d 960 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

8   United States v. Edwards, 154 F.3d 915 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9   United States v. Escalante, 637 F.2d 1197 (9th Cir.), cert. denied, 449 U.S. 856 (1980) . . . . . . . 9

10   United States v. Farrell, 877 F.2d 870 (11th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

11   United States v. Fernandez, 388 F.3d 1199 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

12   United States v. Joetzki, 952 F.2d 1090 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

13   United States v. Johnson, 297 F.3d 845 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 9

14   United States v. Karr, 742 F.2d 493 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15   United States v. Luong, No. CR S-99-433 WBS, 2002 WL 32103061
16   (E.D. Cal. Nov. 7, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    United States v. Mayfield, 189 F.3d 895 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10
17
    United States v. Nelson, 137 F.3d 1094 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
18
    United States v. Quezada, CR 95-20026-JW, 1995 WL 507064
19   (N.D. Cal. Aug. 21, 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

20   United States v. Shryock, 342 F.3d 948 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21   United States v. Stein, 428 F. Supp.2d 138 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

22   United States v. Throckmorton, 87 F.3d 1069 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 8

23   United States v. Tootick, 952 F.2d 1078 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 10

24   United States v. Vasquez-Landaver, — F.3d —, 2008 WL 2120494
25   (9th Cir. May 21, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Zafiro v. United States, 506 U.S. 534 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8, 9
26

27

28

1   BRIAN J. STRETCH (CSBN 163973)
    Acting United States Attorney
2
    KYLE F. WALDINGER (ILSB 6238304)
3   Assistant United States Attorney

4      450 Golden Gate Avenue, 11th Floor
       San Francisco, California 94102
5      Telephone: (415) 436-6830
       Facsimile: (415) 436-7234
6
    Attorneys for Plaintiff
7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,          )    No. CR 08-0237 MHP
                                       )
12         Plaintiff,                  )    UNITED STATES' OPPOSITION TO
                                       )    DEFENDANT BECKY CHRISTIAN'S
13     v.                              )    MOTION TO SEVER
                                       )
14  DAVID NOSAL and                    )
    BECKY CHRISTIAN,                    )    Hrg. Date:   June 16, 2008
15                                     )    Time:        10:00 a.m.
           Defendants.                 )    Court:       Hon. Marilyn Hall Patel
16  _____)

17         The defendant Becky Christian has filed a Motion to Sever. That motion should be

18  denied.

19         As an initial matter, Christian's motion fails because she has not established (or even

20  argued) that her defense and Nosal's defense are *mutually* antagonistic and, thus, irreconcilable.

21  In truth, the core of Christian's defense (*i.e.*, that she did not possess the requisite intent and that

22  the materials at issue are not "trade secrets") and Nosal's purported defense (*i.e.*, that he was

23  ignorant of Christian's and other individuals' activities) are *not* mutually antagonistic in the sense

24  of being irreconcilable. In other words, if a jury acquits Nosal based on his purported defense, it

25  could still acquit Christian based on hers. Yet, "[t]o be entitled to severance on the basis of

26  mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense

27  is so irreconcilable with the core of his own defense that the acceptance of the codefendant's

28  theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]

1069, 1072 (9th Cir. 1996). Here, because a jury could accept either defendant's defense without convicting the other defendant, the defenses are not mutually antagonistic. Christian therefore has not met her burden of demonstrating that "there is serious risk that a joint trial would prejudice a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Christian's other arguments regarding Nosal acting as a "second prosecutor" also do not support a finding that severance is warranted. In cases in which the Ninth Circuit has found that a joint trial was so prejudicial so as to require reversal based on a "second prosecutor" phenomenon, the co-defendant's counsel had engaged in blatant and unchecked misbehavior. *See United States v. Mayfield*, 189 F.3d 895, 899–900 (9th Cir. 1999) (noting that co-defendant's counsel "flouted" court's orders with respect to exclusion of evidence and "used every opportunity to introduce impermissible evidence against Mayfield"); *United States v. Tootick*, 952 F.2d 1078, 1086 (9th Cir. 1991) (finding reversible error where trial judge failed to adopt adequate safeguards because, for example, "[n]o reins were placed on defendants' respective counsel as they acted as unsanctioned prosecutors"). In this case, there simply is no reason to believe that Nosal's counsel will engage in the same type of misbehavior as the attorneys in *Mayfield* and *Tootick*, or that this Court would be unable to put the kibosh on any such shenanigans.

For these reasons, and for all of the reasons stated below, this Court should deny the defendant Christian's motion to sever.

## FACTUAL BACKGROUND

The Indictment charges the defendants David Nosal and Becky Christian with crimes related to a conspiracy and scheme (1) to steal information from the computer systems of their former employer — the executive search firm Korn/Ferry International — and (2) to defraud Korn/Ferry out of $25,000 per month.

Counts Two through Ten charge that Nosal and Christian (along with at least two other co-conspirators, "J.F." and "M.J.") obtained proprietary information (including trade secrets) from Korn/Ferry's computer system to assist them in their own executive search activities.

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]        -2-

1  Particular instances of unauthorized access to Korn/Ferry's computer system using "J.F.'s"

2  Korn/Ferry password for the purpose of obtaining information are alleged in Counts Two through

3  Seven. Counts Eight and Nine allege that several sets of information so obtained also constituted

4  trade secrets. Count One is a conspiracy charge encompassing all of this conduct. "J.F." and

5  "M.J." have already pleaded guilty to Informations with respect to this portion of the case.

6       Counts Ten through Eighteen pertain to a related scheme to defraud Korn/Ferry. As set

7  forth in the Indictment, Nosal had entered into an agreement with Korn/Ferry upon termination

8  of his employment in which he agreed to work only as an independent contractor for Korn/Ferry

9  for the period of one year. In exchange, Korn/Ferry agreed to pay Nosal $25,000 per month,

10  among other payments, beginning in late 2004. Despite this agreement, Nosal and Christian set

11  up the firm Christian & Associates behind which Nosal engaged in executive search activities.

12  Although presented the opportunity to do so in meetings with Korn/Ferry executives, Nosal did

13  not disclose these activities to Korn/Ferry. The mailings of the monthly $25,000 checks from

14  Korn/Ferry to Nosal's home in this District are alleged as specific instances of mail fraud in

15  Counts Ten through Seventeen. Count Eighteen charges a conspiracy to commit mail fraud. The

16  evidence in this case will show that Christian was aware of Nosal's independent contractor

17  agreement with Korn/Ferry and that she participated in the scheme to defraud Korn/Ferry.

18       **LEGAL STANDARD REGARDING MOTIONS FOR SEVERANCE**

19       There is a preference for joint trials of defendants who are indicted together. The

20  Supreme Court has recognized that "[j]oint trials play a vital role in the criminal justice system."

21  *See Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quotation omitted). This is because "[t]he

22  rules are designed to promote economy and efficiency and to avoid a multiplicity of trials, where

23  these objectives can be achieved without substantial prejudice to the right of defendants to a fair

24  trial." *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968) (quotation omitted); *see also*

25  *Zafiro*, 506 U.S. at 537 (noting that joint trials "promote efficiency and serve the interests of

26  justice by avoiding the scandal and inequity of inconsistent verdicts") (quotation omitted).

27       Rule 14 of the Federal Rules of Criminal Procedure allows severance when it is apparent

28

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]    -3-

1    that a joint trial would cause prejudice to one or more defendants.[1]  Although courts have found

2    severance to be appropriate where there are mutually antagonistic defenses, "[m]utually

3    antagonistic defenses are not prejudicial *per se.*" *Id.* at 538.  Rather, the Court has held that "a

4    district court should grant severance under Rule 14 only if there is *serious* risk that a joint trial

5    would prejudice a specific trial right of one of the defendants, or prevent the jury from making a

6    reliable judgment about guilt or innocence." *Id.* at 539 (emphasis added).  Simply put, the mere

7    fact that two or more defendants may have antagonistic defenses is not a proper ground for

8    severance.  Rather, "[t]o be entitled to severance on the basis of mutually antagonistic defenses, a

9    defendant must show that the core of the codefendant's defense is so irreconcilable with the core

10   of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal

11   of the defendant." *Throckmorton*, 87 F.3d at 1072.

12        The Supreme Court has held that the risk of prejudice posed by joint trials can be cured

13   by proper jury instructions. *See Zafiro*, 506 U.S. at 540–41; *id.* at 539 (holding that Rule 14

14   "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion").

15   In an analogous context, the Ninth Circuit has held that "[a] defendant seeking a severance based

16   on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the

17   insufficiency of limiting instructions." *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir.

18   1991) (citation omitted).

19        The burden is on the defendant to prove that there would be prejudice in a joint trial. *See*

20   *United States v. Quezada*, CR 95-20026-JW, 1995 WL 507064, at *1 (N.D. Cal. Aug. 21, 1995)

21   (citing *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1209 (9th Cir. 1991)); *accord United*

22   *States v. Bastian*, 112 F. Supp.2d 378, 383 (S.D.N.Y. 2000) ("[A] defendant who seeks separate

23   trials under Rule 14 carries a heavy burden of showing that joinder will result in 'substantial

24   prejudice.'").  A trial court's denial of a severance motion will be reviewed on appeal for abuse

25   of discretion. *See Tootick*, 952 F.2d at 1080 ("Defendants must meet a heavy burden to show

26

27        [1] Although the defendant quotes an earlier version of Rule 14 in her Motion, *see* Def's

28   Mtn., at 6:9–11, the 2002 amendments did not result in any material change to the rule.

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]        -4-

1  such an abuse, and the trial judge's decision will seldom be disturbed."); *see also United States v.*

2  *Johnson*, 297 F.3d 845, 955 (9th Cir. 2002) ("Denial of severance will be reversed only when the

3  joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion [on

4  the motion to sever] in just one way, by ordering a separate trial.") (quotations omitted).

5  With these principles in mind, the United States now turns to the arguments advanced by

6  the defendant Christian in support of her motion to sever.

### ARGUMENT

8  In this case, the defendant Becky Christian contends that severance is required under Rule

9  14 because her trial rights will be prejudiced by a joint trial based on the fact that the defendants

10 will present "antagonistic" defenses. As set forth in more detail below, each of the arguments

11 raised by the defendant is without merit, and the Court should deny her motion.

12 **I.    THERE HAS BEEN NO SHOWING THAT THE DEFENSES ARE MUTUALLY
   ANTAGONISTIC AND IRRECONCILABLE.**
13

14 The defendant argues that she and her co-defendant Nosal will present antagonistic

15 defenses. However, even if Nosal's defense will be to claim ignorance of Christian's and the

16 other co-conspirators' actions, the core of that defense is not irreconcilable with the core of

17 Christian's defense.

18 In this regard, it is important to focus on what "antagonistic" means in the context of a

19 severance motion. The Ninth Circuit has held that

20 [i]t is difficult to obtain severance on the basis of a mutually antagonistic defense
   claim. . . . To demonstrate that competing defenses amounted to manifest
21 prejudice in a joint trial, a defendant must show the core of the co-defendant's
   defense is so irreconcilable with the core of his own defense that the acceptance of
22 the co-defendant's theory by the jury precludes acquittal of the defendant.

23 *Johnson*, 297 F.3d at 858 (quotation omitted); *see also Throckmorton*, 87 F.3d at 1072

24 ("Antagonism between defenses or the desire of one defendant to exculpate himself by

25 inculpating a codefendant . . . is insufficient to require severance."). Severance is proper only

26 when the codefendants have shown that their defenses are irreconcilable and mutually exclusive.

27 *United States v. Angwin*, 271 F.3d 786, 795 (9th Cir. 2001) (citation omitted), *overruled on other*

28 *grounds*, *United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007). "Defenses are mutually

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]          -5-

1  exclusive when 'acquittal of one codefendant would necessarily call for the conviction of the

2  other.'" *Id.* (quoting *Tootick*); *see also Zafiro*, 506 U.S. at 538 (noting that antagonistic defenses

3  "are not prejudicial *per se*").

4        Here, the defendant has not shown that the defendants' defenses will be mutually

5  exclusive and that Nosal's acquittal based on a defense that "Christian [and others] did it"

6  "would necessarily call for the conviction of [Christian]." *Angwin*, 271 F.3d at 795. On the

7  contrary, if Nosal were to assert such a defense and the jury accepted it, the jury need *not*

8  conclude that Christian was guilty. As an initial matter, Christian will apparently admit that she

9  *did* "do it" (*e.g.*, that she accessed Korn/Ferry's computer systems). Rather, according to

10 Christian her "defense will focus on the utterly minor nature of the alleged 'misappropriations'

11 from Korn/Ferry . . . and her lack of intent to defraud or otherwise harm Korn/Ferry." Def's

12 Mtn., at 4:9–12; *see also id.* at 1 ("she never intended to defraud Korn/Ferry").[2]

13       Accordingly, although a jury's acceptance of any defense by Nosal that "Christian did it"

14 might mean that it would acquit Nosal, that jury need not also conclude that Christian acted with

15 the necessary intent, or that the items that she obtained from Korn/Ferry's computer system

16 represented "things of value" or "trade secrets."

17       Indeed, Christian's "defense" that she was threatened and intimidated by Nosal to commit

18 the alleged crimes — and that therefore she did not form the requisite intent, *see* Def's Mtn., at 8

19 — is not much of a defense at all. Although unclear from the defendant's motion, it is possible

20

21     [2] The facts that the government and a party may have engaged in pre-indictment

22 discussions and that government counsel may have expressed opinions regarding the veracity of
   any individual, *see* Def's Mtn., at 1:17–21, are irrelevant to the issue of whether a severance is

23 required. This is because a motion for severance deals with the question of whether a joint trial
   would prejudice the *trial rights* of the moving defendant. Because evidence of plea negotiations

24 is inadmissible, and because government prosecutors are not allowed to vouch for the veracity of

25 witnesses, this Court should ignore the facts presented by Christian in this regard. *See United*
   *States v. Edwards*, 154 F.3d 915, 921 (9th Cir. 1998) ("A prosecutor may not impart to the jury

26 his belief that a government witness is credible.").

27     That being said, to the extent that Christian's motion suggests that government counsel
   opined at any time that Christian's purported defense of not possessing the requisite intent was

28 credible, such a suggestion would be incorrect.

that Christian means to show that she acted under some type of coercion or duress. However, in order to prove a defense of duress, a defendant must establish that (1) she acted under an immediate threat of death or serious bodily injury; (2) she had a well-grounded fear that the threat would be carried out; and (3) there was no reasonable opportunity to escape the threatened harm. *See, e.g., United States v. Shryock*, 342 F.3d 948, 987 (9th Cir. 2003); *United States v. Karr*, 742 F.2d 493, 497 (9th Cir. 1984); *see also* 9th Cir. Model Jury Instr. 6.5 (noting that defendant does not act intentionally if defendant acted under duress, coercion or compulsion at time of offense). There is no allegation here that Nosal threatened Christian with death or serious bodily harm, nor does Christian proffer any evidence to support the conclusions that she had a well-grounded fear that any such threats would be carried and that she did not have a reasonable opportunity to escape any threatened harm. For these reasons, it is possible that this Court would not even allow Christian's proffered evidence to be admitted at trial. *See, e.g., United States v. Vasquez-Landaver*, — F.3d —, 2008 WL 2120494, at *5 (9th Cir. May 21, 2008) (upholding district court's exclusion of evidence regarding threats to defendant); *Karr*, 742 F.2d at 497 (noting that although "[o]rdinarily the duress defense is submitted to the jury," "[i]f the evidence is insufficient to support the defense as a matter of law . . . the court may exclude evidence of the defense"); *see also United States v. Becerra*, 992 F.2d 960, 964 (9th Cir. 1993) (noting that evidence of "threats, promises and allegedly illegal acts" was properly excluded with respect to duress defense, where defendant failed to establish prima facie case of duress). Far from being a *defense* to the charges against her, Christian's argument that she committed the acts alleged in the Indictment — but only at Nosal's behest — is tantamount to a confession.[3]

Significantly, the Ninth Circuit has recognized that "courts have regularly rejected the argument that a defense based on ignorance [*i.e.*, Nosal's purported defense] is irreconcilable with a defense based on a lack of guilty intent [*i.e.*, Christian's defense]." *Angwin*, 271 F.3d at

---

[3] The United States also notes that the FBI report submitted by Christian does not support the conclusion that Christian committed the alleged acts out of fear of Nosal. Christian's report to the government regarding Nosal's behavior related only to his *post*-offense conduct. *See* Further Decl. of Steven Bauer, Ex. 2, at Bates US001375–76.

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]        -7-

1   795 (citing cases); *accord United States v. Farrell*, 877 F.2d 870, 877 (11th Cir. 1989) ("The

2   defense of lack of knowledge need not 'preempt' the defense of lack of intent.") (citing cases).

3   The situations envisioned in *Angwin* and *Farrell* are just the type of situation presented here.

4   This case is more akin to the situation in *Throckmorton* than to cases in which there were

5   mutually antagonistic defenses warranting severance. In *Throckmorton*, the defendants

6   (Throckmorton and Calicchio) were caught unloading more than 1000 kilograms of marijuana

7   from a sailboat. At trial, Throckmorton defended his case based on a theory of insufficiency of

8   the evidence, arguing that the prosecution had not proved its case. *See Throckmorton*, 87 F.3d at

9   1071–72. Calicchio's defense, on the other hand, was that he was acting as an informant to the

10  DEA. *Id.* at 1072. The Ninth Circuit noted, correctly, that "[t]hese defenses are not, at their

11  core, irreconcilable" because "[i]f the jury found that Calicchio was working for the DEA, it still

12  could have acquitted Throckmorton for lack of evidence." *Id.*; *see also id.* ("Acceptance of

13  Calicchio's defense would not have precluded Throckmorton's acquittal.").

14          For these reasons, this case is distinguishable from *Mayfield* and *Tootick* and the other

15  cases upon which Christian relies. *See* Def's Mtn., at 6–7. A jury will not have to convict one

16  defendant if it acquits the other. If the jury accepts Nosal's purported defense and acquits him, it

17  could still acquit Christian if it concludes that the evidence against her is insufficient. *See*

18  *Farrell*, 877 F.2d at 876 ("The defense of lack of knowledge need not 'preempt' the defense of

19  lack of intent."). Accordingly, the defendant Christian's motion to sever should be denied.

20  **II.    ANY POTENTIAL PREJUDICE CAN BE CURED BY APPROPRIATE JURY
        INSTRUCTIONS AND APPROPRIATE MANAGEMENT OF THE TRIAL.**

21

22          As noted above, the Supreme Court has held that the risk of prejudice posed by joint trials

23  can be cured by proper jury instructions. *See Zafiro*, 506 U.S. at 540–41 (1993). In this case,

24  any prejudice to the defendant Christian that might result from a defense by Nosal blaming her

25  (and others) for the offense conduct can be cured by instructions from the Court. For example,

26  the Court could instruct the jury that, even if the jury believes Nosal's defense, the jury could still

27  find Christian innocent of the offenses. Moreover, to the extent that Christian's severance

28  argument is based on a contention that "a jury will conclude . . . that at least one of the two

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]      -8-

1    [defendants] must be guilty without regard to whether the Government has proved its case

2    beyond a reasonable doubt," *id.* at 540, this Court can instruct the jury that it must give separate

3    consideration to each defendant.  The Ninth Circuit has "repeatedly held that a district court's

4    careful and frequent limiting instructions to the jury, explaining how and against whom certain

5    evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a

6    joint trial."  *United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2004) (citing cases).

7        The Ninth Circuit in other cases has found such instructions to be adequate to protect the

8    rights of a defendant in a multi-defendant trial.  *See United States v. Nelson*, 137 F.3d 1094, 1108

9    (9th Cir. 1998) (noting that "district judge gave repeated instructions" regarding potentially

10   prejudicial issues and holding that, on appeal, defendant had "fail[ed] to demonstrate how these

11   jury instructions were inadequate"); *see also Johnson*, 297 F.3d at 860 (finding no prejudice in

12   joint trial where, among other things, court instructed jury that "fact that you may find one of the

13   defendants guilty or not guilty should not control your verdict as to any other defendants"); *cf.*

14   *United States v. Escalante*, 637 F.2d 1197 (9th Cir.), *cert. denied*, 449 U.S. 856 (1980) ("[O]ur

15   court assumes that the jury listened to and followed the trial judge's instructions.").

16       The defendant has not explained why a jury in this case would not be able to follow such

17   instructions.  Rather, she merely states, without argument, that "jury instructions and other

18   measures . . . cannot *necessarily* avoid the risk of prejudice."  Def's Mtn., at 7 (emphasis added).

19   However, "defendants are not entitled to severance merely because they may have a better chance

20   of acquittal in separate trials."  *Zafiro*, 506 U.S. at 540.  To obtain severance, Christian must

21   show that "there is serious risk that a joint trial would prejudice a specific trial right of one of the

22   defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Id.* at

23   539.  Accordingly, even if the defendant has met her burden of showing that there is some chance

24   that a jury will be less likely to accept her defense if it accepts Nosal's, she has failed to meet her

25   burden of demonstrating that limiting instructions will be insufficient to address this possibility.

26   *Cf. Joetzki*, 952 F.2d at 1094 (defendant must demonstrate insufficiency of limiting instructions).

27       With respect to Christian's "second prosecutor" argument, this Court can easily exercise

28   control over (1) the evidence proffered by Nosal's counsel; (2) questions asked of witnesses by

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]        -9-

1   Nosal's counsel; and (3) the opening statement and closing argument of Nosal's counsel, all in

2   order to prevent any unfair prejudice to Christian.  Indeed, in cases in which the Ninth Circuit has

3   found prejudice from the existence of a "second prosecutor," it appears to have done so only

4   where the co-defendant's counsel engaged in misbehavior.  *See Mayfield*, 189 F.3d at 899–900

5   (noting that co-defendant's counsel "flouted the district court's pretrial decision and elicited

6   testimony" that the district court had previously excluded and noting that co-defendant's counsel

7   "used every opportunity to introduce impermissible evidence against Mayfield"); *Tootick*, 952

8   F.2d at 1086 (finding reversible error where trial judge failed to adopt adequate safeguards

9   because, for example, "[n]o reins were placed on defendants' respective counsel as they acted as

10  unsanctioned prosecutors").  However, as the government noted at the outset of its Opposition,

11  there is no reason to believe that Nosal's counsel will engage in improper behavior during trial.

12  In any event, the government is confident that this Court will be able to nip in the bud any

13  behavior similar to that engaged in by the co-defendant's lawyers in *Mayfield* and *Tootick*.

14          In conclusion, any unfair prejudice that might stem from the nature of the respective

15  defenses can be avoided by this Court's skillful handling of the case to regulate the flow of

16  evidence, provide appropriate limiting instructions, and to prevent Christian's co-defendant from

17  striking any foul blows.

18  **III.    SEPARATE TRIALS WILL NOT RESULT IN GREATER EFFICIENCY.**

19          The defendant also argues that "severance is likely to lead to shorter, more efficient, and

20  far more manageable trials."  Def's Mtn., at 2.  The government disagrees.  Severing trials means

21  that the government will have to put on all of its evidence twice, and a joint trial will *not* be

22  unreasonably long or burdensome.  In the words of Judge Kaplan, presiding over the KPMG-

23  related prosecution in *United States v. Stein*, 428 F. Supp.2d 138, 145 (S.D.N.Y. 2006),

24          [s]everance is not likely to result in a significant time savings [] because much of
            the evidence regarding the conspiracy would be admissible against [both]
25          defendants, even if they were tried individually . . . .  Although severance would
            reduce the number of defense lawyers cross-examining witnesses and giving
26          opening and closing statements, any attendant time savings would be outweighed
            by the risk of inconsistent verdicts, the burden on the court and the prosecution of
27          trying the defendants . . . *seriatim*, and the need for defense counsel to cover
            repeatedly on cross-examination in successive trials material that could be
28          covered but once in a joint trial.

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]        -10-

It is unnecessary under Rule 14 to tie up additional days or weeks of this Court's time with two trials with identical evidence and witnesses. Nor should the government be required to incur the duplication in time and additional expense occasioned by requiring two nearly identical trials. Moreover, there is considerable unnecessary hardship to victims and witnesses by having two trials in a case such as this where there has been no showing of mutually antagonistic and irreconcilable defenses and where appropriate jury instructions can address any potential prejudice. *See United States v. Luong*, No. CR S-99-433 WBS, 2002 WL 32103061, at *2 (E.D. Cal. Nov. 7, 2002) ("Many would be faced with the possibility of testifying to their experience multiple times. Additionally, other litigants would be denied access to the court for upwards of nine months.") (Shubb, J.).

## IV.    NOSAL'S MEMORANDUM REGARDING SEVERANCE

On June 6, 2008, the defendant Nosal filed a Memorandum Regarding Severance. In it, Nosal suggests that severance is appropriate under *Bruton*. The United States notes, however, that the defendant Christian did not raise this issue in her motion and that; as of yet, Nosal has not filed his own motion regarding severance. For the Court's information, however, and in the interests of conducting a joint trial of the defendants in this case, the United States does not at this time intend to introduce any statements of Christian taken during the August 2, 2005 FBI interview of her that would run afoul of *Bruton*.

## V.    IN THE ALTERNATIVE, THIS COURT SHOULD DENY CHRISTIAN'S MOTION WITHOUT PREJUDICE UNTIL SUCH TIME AS THIS COURT IS IN A BETTER POSITION TO ASCERTAIN THE EXACT PARAMETERS OF THE EVIDENCE THAT WILL BE ADMITTED AT TRIAL.

As set forth above, the defendant Christian has failed to meet her burden of showing that her defense and Nosal's defense are irreconcilable. As she notes, however, Nosal may object to much of the evidence that she intends to elicit or introduce in her defense. Indeed, as set forth in Section I, the government believes that much of the evidence that Christian intends to elicit or introduce is irrelevant. Moreover, it appears that much of this evidence would be inadmissible under the hearsay rule. *See, e.g.*, Def's Mtn., at 9 (discussing evidence of being misled by Nosal). At this point, this Court has made no ruling on the admissibility of the evidence of any

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]         -11-

1  threats or intimidation on Nosal's part, nor has it ruled regarding the admissibility of any other

2  evidence that Christian intends to elicit or introduce in support of her defense.

3  　　The government also notes that, although the defendant Christian has stated an interest in

4  a "prompt trial," she has not definitively stated that this is the only pre-trial motion that she

5  intends to file.  Accordingly, this Court may be in the position of having granted Christian's

6  severance motion (believing that there could be a prompt trial), only to find that Christian also

7  intends to file numerous other pre-trial motions that would delay such a trial.

8  　　In sum, even if this Court were inclined to grant the defendant Christian's motion, doing

9  so at this point is premature.  In such a situation, this Court should deny the motion to sever

10  while it determines other issues related to the case that may be dispositive of such a motion.

11  　　　　　　　　　　　**CONCLUSION**

12  　　The Ninth Circuit has stated that "a joint trial is particularly appropriate where the co-

13  defendants are charged with conspiracy, because the concern for judicial efficiency is less likely

14  to be outweighed by possible prejudice to the defendants when much of the same evidence would

15  be admissible against each of them in separate trials." *Fernandez*, 388 F.3d at 1242 (9th Cir.

16  2004).  In this case, the defendants Nosal and Christian are charged with a conspiracy and

17  scheme to steal proprietary information from their former employer and to defraud that former

18  employer of money.  In her motion to sever, Christian has not articulated a specific trial right that

19  will be compromised as a result of a joint trial, how limiting instructions would not address any

20  potential prejudice, or how joinder would prevent the jury from making a reliable judgment as to

21  her guilt or innocence.  For those reasons and for the reasons set forth above, the United States

22  respectfully requests that this Court deny the defendant's motion to sever.

23  DATED: June 9, 2008　　　　　Respectfully submitted,

24  　　　　　　　　　　　BRIAN J. STRETCH
25  　　　　　　　　　　　Acting United States Attorney

26
27  　　　　　　　　　/s/_____
　　　　　　　　　　　KYLE F. WALDINGER
28  　　　　　　　　　　　Assistant United States Attorney

USA'S OPP. TO DEF. CHRISTIAN'S
MTN. TO SEVER [CR 08-0237 MHP]　　　-12-