1   MELINDA HAAG (CABN 132612)
    United States Attorney

2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   KYLE F. WALDINGER (ILBN 6238304)
    Assistant United States Attorney

5
        450 Golden Gate Avenue, 11th Floor
6       San Francisco, California 94102
        Telephone: (415) 436-6830
7       Facsimile: (415) 436-7234
        E-mail: kyle.waldinger@usdoj.gov

8
    Attorneys for Plaintiff
9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13   UNITED STATES OF AMERICA,        )    No. CR 08-0237 MHP
                                       )
14           Plaintiff,                )
                                       )    JOINT MOTION AND REQUEST TO
15   v.                                )    CONVERT SENTENCING HEARING TO
                                       )    STATUS HEARING AND [PROPOSED]
16   BECKY CHRISTIAN,                  )    ORDER
                                       )
17           Defendant.                )
                                       )
18   _____

19          Pursuant to Criminal Local Rule 32-2, the United States and the defendant Becky

20   Christian jointly request that the sentencing hearing presently set for May 23, 2011, be converted

21   to a status hearing.

22          The standard plea agreement, signed by Ms. Christian, states as follows: "9. I agree to

23   cooperate with the U.S. Attorney's Office before and after I am sentenced. My cooperation will

24   include, but not be limited to, the following: . . . (e) I will request continuances in my sentencing

25   date, as necessary, until my cooperation is completed." Therefore, Becky Christian joins this

26   motion.

27          The defendant Becky Christian previously pled guilty pursuant to a plea agreement in

28   which she agreed to cooperate with the United States in its investigation and prosecution of other

     JOINT MTN. & [PROPOSED] ORDER
     CR 08-0237 MHP

1   individuals.  It is now anticipated that Ms. Christian will testify at the trial of her co-defendant

2   David Nosal.  The Nosal case has been on appeal before the Ninth Circuit.  Although the Ninth

3   Circuit issued its opinion on April 28, 2011, it is not clear whether Nosal will seek a rehearing en

4   banc.  Regardless of the Ninth Circuit's disposition of the United States' appeal in that matter, at

5   least some charges alleged in the Nosal Indictment will proceed to trial, and Ms. Christian will

6   testify at that trial.

7           Because Ms. Christian's cooperation with the government's investigation and prosecution

8   of other individuals is not yet complete, the parties jointly request that the Court convert the

9   scheduled sentencing date of May 23, 2011, to a status hearing.  The specific bases of the parties'

10  request are set out in more detail below.

11
    **I.       Delaying Sentencing In This Matter Will Benefit The United States And Will**
12  **          Potentially Benefit The Defendant.**

13          A defendant who requests a continuance of her sentencing hearing should be able to

14  demonstrate that the government either desires or can benefit from her cooperation. *Cf. United*

15  *States v. Urben-Potratz*, 470 F.3d 740, 744 (8th Cir. 2006) (affirming denial of defendant's

16  motion for continuance where defendant's additional cooperation would have required DEA to

17  arrange an operation and approve defendant's participation in it and DEA "had already denied

18  one such request").

19          In the present matter, Ms. Christian is cooperating with the government, and has been

20  doing so pursuant to the terms of her plea agreement since 2008.  In the past, Ms. Christian has

21  participated in meetings with government investigators regarding the facts and circumstances of

22  the conspiracy charged in the Nosal case.  It is anticipated that she will participate in additional

23  meetings once the Nosal matter is set for trial.  Ms. Christian's further cooperation in this case

24  does not require special arrangements, but rather only the defendant's testimony in the trial of her

25  co-conspirator Nosal.

26          In addition, Ms. Christian's active cooperation, through testimony against her

27  co-conspirator Nosal, may significantly alter the United States' recommendation (if any) as to an

28  appropriate sentencing reduction by enhancing the value of the defendant's cooperation "in the

JOINT MTN. & [PROPOSED] ORDER
CR 08-0237 MHP                                    -2-

1  investigation or prosecution of another person who has committed an offense." United States

2  Sentencing Commission, Guidelines Manual § 5K1.1, p.s., comment. (n.3).

3       Finally, because Ms. Christian will be required to testify at trial, her cooperation with the

4  government's investigation is not yet complete. Pursuant to the terms of her plea agreement, Ms.

5  Christian has agreed to request continuances of her sentencing date until her cooperation is

6  completed. *See* Plea Agrm., ¶ 9.e. Indeed, the parties' agreement anticipated that sentencing in

7  this case would not proceed until Ms. Christian's cooperation was complete.

8  **II.      Neither The Defendant Nor the Government Will Suffer Inconvenience.**

9       Neither the government nor the defendant will suffer inconvenience by converting the

10  sentencing hearing to a status hearing. While the parties acknowledge that inconvenience to the

11  Court or witnesses may be an important factor in a consideration of whether to continue a trial, it

12  is less important in the case of a short hearing where no witnesses are called and where re-

13  calendaring may be accomplished easily. *United States v. Flynt*, 756 F.2d 1352, 1360 (9th Cir.

14  1985) (contempt hearing); *see also United States v. Rivera-Guerrero*, 426 F.3d 1130, 1141 (9th

15  Cir. 2005) (hearing regarding anti-psychotic drug administration).

16       In fact, courts routinely grant requests to continue sentencing hearings for the purpose of

17  cooperation. *See United States v. Ressam*, 629 F.3d 793, 811 & n.2 (9th Cir.  2010) (referencing

18  multiple sentencing continuances to allow for cooperation with the government, including a

19  nine-month continuance "to allow Ressam 'the opportunity to fulfill the terms of his promised

20  cooperation'"); *United States v.  Myers*, 993 F.2d 713, 714 (9th Cir.  1993) (referencing "many"

21  continuances of defendants' sentencing hearing for purpose of substantial assistance).

22       In this case, a sentencing continuance should not present substantial inconvenience to the

23  Court or to third parties and will not inconvenience the government or the defendant, and its

24  timing can easily be assessed based on the progression of the government's case against David

25  Nosal. Converting the sentencing hearing to a status hearing will also provide the Probation

26  Office with additional time to complete the presentence report in this (and related) cases, and will

27  allow the parties to maintain their focus on Ms. Christian's continuing cooperation.

28  / / /

JOINT MTN. & [PROPOSED] ORDER
CR 08-0237 MHP                              -3-

**III.    Conclusion.**

For all of these reasons, the parties jointly request that this Court convert the sentencing

hearing presently set for May 23, 2011, to a status hearing.


Respectfully submitted,

Dated: April 28, 2011                               MELINDA HAAG
                                                    United States Attorney


                                                    _____/s/_____
                                                    KYLE F. WALDINGER
                                                    Assistant United States Attorney



Dated: April 28, 2011                               _____/s/_____
                                                    STEVEN BAUER
                                                    Attorney for defendant Becky Christian


                          [~~PROPOSED~~] O R D E R

GOOD CAUSE APPEARING,

IT IS ORDERED that the sentencing hearing presently set for May 23, 2011, be

converted to a status hearing.
            May 4, 2011
Dated ~~this ____ day April, 2011~~

IT IS SO ORDERED

Judge Marilyn H. Patel

HONO____ ____PATEL
UNITE____ ____GE

JOINT MTN. & [PROPOSED] ORDER
CR 08-0237 MHP                          -4-